Ruffin, C. J.
 

 A mass of depositions has been filed in the case, which it is unnecessary to set forth particularly, as they leave no such doubt as to the fact, as to call fbr a discussion in detail of the testimony of the witnesses. The due execution of the articles before the marriage is established; and the defendant, Freeman, has entirely failed to establish any imposition by either the intended wife or the plaintiff, or any representation from either of them to him of an intention of the wife to make any disposition in his favor, as an inducement to him to enter into the agreement. The due execution of the will is proved by the subscribing witnesses, and by them and many other witnesses, it is shewn that the testatrix had full capacity to do so, and that she executed it in pursuance of a deliberate purpose, long entertained by her, • with a view to the emancipation of her slaves.
 

 The probate of a will in the ecclesiastical Court, does not preclude the necessity of proving it as an appointment for the purpose of claiming under it in a Court of equity: for the Court of probate only declares the instrument to be testamentary, but cannot judge of it as the execution of a power. Therefore, it is to be proved again in a Court of chancery, in such manner as the Chancellor shall direct, either by witnesses or upon an issue, so as to shew that it is, both in form and substance, such an instrument as will be a due execution óf the power, according to the provisions in the instrument creating the power. Whether, when it appears, as. in this case, that the instrument has the requisite form, namely, that it purports to be a will of real estate, duly
 
 *316
 
 attested by two. witnesses, and, thus, sufficient in law as a will of land, if the testatrix were sole, the Court would require it to be re-proved in the cause in the Court of equity, after two verdicts in its favor on an issue
 
 devisavit vel non,
 
 between the very same persons who are parties in the cause, is made a question in the pleadings before us, and perhaps deserves some consideration. But we are not disposed unnecessarily to discuss it; and here it will not be done, as the proof of the execution of the will, the proper state of mind of the testatrix, and every thing requisite to shew that it was a voluntary and deliberate act of this lady, is fulty made in this Court, independent of the findings of the jury upon the issue in the former proceedings, and the judgment of the Court thereon. It remains, therefore, only to consider the effect of this instrument. The heirs object, that it is not obligatory on them, because the power was not created in a proper legal conveyance of the estates, limiting them to such uses or in trust for such persons as the wife should /appoint by will, but was reserved in a mere agreement between the husband and wife. This notion seems once to have been entertained by eminent lawyers. Lord Hardwicke expressed a doubt on the point in
 
 Peacock
 
 v.
 
 Monk,
 
 2 Ves. 191. But it was held by Lord Northington, in
 
 Wright
 
 v.
 
 Englefield,
 
 Ambler 468, and affirmed by the House of Lords, 1
 
 Brow. P. C.
 
 486, that, under marriage articles, a
 
 feme covert
 
 may execute her power in the same manner as if she had a power over a legal estate as above supposed. In
 
 Rippon
 
 v.
 
 Dawding,
 
 Ambl. 565, Lord Camden held,' that equity would sustain the execution
 
 of
 
 a power in articles, upon the ground, that the appointee was not a volunteer, but came in under articles made on the consideration of marriage, which, therefore, equity would compel the husband to execute by joining in a legal conveyance, containing a regular and proper power to the wife. And in
 
 Dillon
 
 v.
 
 Grace, 2
 
 Sch. & Lef. 456, Lord Redesdale said, that when the
 
 *317
 
 wife did not actually convey her estate, but only entered into articles before marriage, yet the contract, even so far as it was a stipulation for her own benefit, was binding as against her heirs, as in the case of any other contract, upon the principle, that the agreement bound her, and that when an agreement respecting land bound the ancestor, it must bind the heir also. So that it now appears to be settled, that such a power, though only an equitable one, binds the estate to which it refers, and will be supported in equity.
 

 The next question is upon the extent of the power reserved in the articles. They speak only of one parcel of land — that on which the lady resided at the time of the marriage ; and the power is to dispose of “ said land” by will. That land therefore is undoubtedly comprised in the power, and is well appointed in the will. But we think the land, bought from the husband after the marriage, does not pass by the will* but is vested in the plaintiff, by the conveyance to him, and is now held by him in trust for the wife’s heirs at law. It is true, the articles are explicit, that neither party was to have any interest whatever in the property of the other, and therefore the husband is excluded from this land, even had there been issue of the marriage. But that does not enable the wife to dispose of it as a
 
 feme sole,
 
 which she can only do when she has a power to that effect. Here the power expressed in the articles is restrained to “ the said land,” which she then owned. Therefore the plaintiff is obliged to rely on something else as the source of the requisite power over this land ; and he says, first, that it arises out of the circumstance, that the land was purchased with her separate property, over which the' articles gave her the power of disposition ; and, secondly, that she had it also conveyed to a trustee for her separate use. With respect to the latter point, it is sufficient to say, that it is not true in fact, for the deed to the plaintiff is but an ordinary deed of bargain and sale in fee,
 
 *318
 
 upon a general trust for the wife, without saying for her separate use. Mr. Roper lays it down, that, without expressing more, it will not enable her to dispose of the real estate during the marriage, otherwise than by fine and recovery — or with us, by the deed of husband and wife, according to the statute — because no power having been given to her by the instrument to make any disposition of the property, she can only do so by the mode prescribed by the general law, and, if she omit that, her heirs must take.
 
 2 Roper on Husband and Wife,
 
 182. In this respect, real and personal property differ ; for as to the latter, the séparate estate of the wife includes the
 
 jus disponendi,
 
 as held in
 
 Fettiplace
 
 v.
 
 Georges,
 
 1 Ves. Jr. 46, and 3 Bro. C. C. 8, in which Lord Tiiurlow explicitly states the distinction between the two kinds of property, by saying, that where the wife makes a voluntary disposition of an estate held to her separate use, against the heir, it cannot be carried into execution ; but with respect to personal property, her gift is good.
 

 Then as to the further circumstance, that the land
 
 is
 
 the produce of the wife’s separate property, it can have no effect, but the land is to be treated as if it had been devised by her in any other manner. In the case of
 
 Peacock
 
 v.
 
 Monk,
 
 Mrs. Lestock bought the house after the marriage, with her separate personal property, and the agreement between the husband and wife, as here, was only as to real estate she had at the marriage, and Lord Hardwicks held, that it could not be considered as part of her separate estate, in respect of the money laid out in it, and so go to the executor, as between him and the heir ; and, therefore, that it would not pass by the will of the wife; for she had made her money realty, and made a purchase to go to her heirs. It is true, that there the conveyance wras taken to the wife, herself, and that might be supposed to denote some intent to give up her power to dispose further of so much of her separate estate. But, as far as the question is affected by. the
 
 *319
 
 quarter from which the purchase money comes, the form in which she takes the conveyance cannot be material, provided the conveyance itself vests no power to dispose of that land by will; for the omission of such a clause in the deed, whether taken to herself or to a trustee for her, or for her separate use, equally imports that, as to that part of her property, she did not wish to retain or possess any power of disposition as a
 
 feme covert.
 
 For in another case,
 
 Churchill
 
 v.
 
 Dibben,
 
 a report of which has recently been published in 3 Lord Kenton’s cases. 85, and is found also in a note to
 
 Curtis
 
 v.
 
 Kenrick,
 
 9 Sim. 443, as extracted from a manuscript of Sergeant Hills, the wife, with the savings of her separate property, purchased, during the coverture, several freehold lands, and took conveyances to herself; and she contracted for the purchase of other freehold lands from one Saunders, but no deed had been executed: and by a will, she gave some of those lands to her husband, and some to other persons ; and Lord Hakdwicke held, that neither passed» After admitting that a
 
 feme covert,
 
 having a separate personal estate, or the produce of a separate real estate* may dispose of the same by will, he proceeds to shew, that if it be laid out in land and a conveyance taken to. herself, she cannot devise that land, and then adds, “that the land contracted for with Saunders, and devised to the husband, must be considered as if the conveyance had been executed. The vendor, who lias still the legal title* may indeed, to some purposes, be considered a trustee ; but that will not give her any power of devising, for a
 
 feme covert
 
 can no more dispose of a trust than of a legal estate, without a particular power of appointment” : and ' all those lands went alike to the wife’s heir at law.
 

 As there was, therefore, no power in the marriage articles, which comprised after purchased lands and no. power of devising it newly reserved to the wife in the deed, which she took to her trustee, we can only look to tills, as to any other ordinary trust of real property
 
 *320
 
 for a married woman, and she can convey the land only by the ordinary means by which she can convey her legal estates, for as to that, equity follows the law.
 

 It must be declared, therefore, that the plaintiff is entitled to relief in respect of the land which the wife had at the marriage, and a decree for a proper conveyance to him from the heirs at law, to be settled by the master; and that he is entitled to no relief in respect to the other land mentioned in the pleadings as having been conveyed by the defendant Freeman to the plaintiff in trust for Mrs. Freeman, because the plaintiff became upon the death of Mrs. F. a trustee in respect thereof, for the defendants, who are her heirs at law. Each of the parties must pay his'or her own costs up to this time ; and the parties may have any enquiries as to the profits, &c. which they may desire.
 

 Per Curiam.
 

 Decreed accordingly.